**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**EVAN JAMES,**
**Plaintiff,**

**Case No.: ______________**

**vs.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**
**Defendant.**

---

**COMPLAINT**

---

COMES NOW Plaintiff, Evan James (hereinafter "**Plaintiff**" or "**Mr. James**"), by and through his attorneys, and for his Complaint against Defendant The Lincoln National Life Insurance Company (hereinafter **"Defendant"** or **"Lincoln"**), states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of a Group Disability Income Policy and corresponding ERISA Plan (hereinafter the "**Policy**" and the "**Plan,**" respectively); said Policy **(#GD/GF3-890-LF0214-01)** having been issued to Sponsor DentaQuest, LLC (hereinafter "**DentaQuest"**); and which which was (and is) underwritten, administered (at least in part), and/or managed by Lincoln for the benefit of certain employees of DentaQuest. In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Lincoln Claim No.: 13556212**.

3. Venue is proper in the Middle District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

**RELEVANT PARTIES**

4. Mr. James lives in Nashville, TN.

5. At all times relevant hereto, Mr. James was an "employee" of DentaQuest, that being his "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to his established disability, he last worked on or about 9/16/2022.

6. At all times relevant hereto, DentaQuest was Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant Lincoln was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Defendant Lincoln was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Defendant was/is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Defendant has a financial conflict of interest/bias that may impact the standard of review used by the Court.

8. At all times relevant hereto, Defendant Lincoln acted as agent for the Plan and for Plan Sponsor/Plan Administrator/Policyholder DentaQuest.

9. Under the Plan/Policy, DentaQuest delegated or assigned to Defendant Lincoln the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to his employment by DentaQuest, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of short-term disability ("STD") and long-term disability ("LTD") benefits, depending, if Plaintiff became disabled and unable to work because of injury, sickness and/or other covered medical condition as set forth under the Plan/Policy.

12. With respect to LTD benefits, the Policy defines, "**Disability**" or "**Disabled**" as follows:

> "*1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:*
>
> > *i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
> > *ii. **thereafter**, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of **Any Occupation**.*
>
> ….
>
> *"**Any Occupation**" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity…."*
>
> ….

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Mr. James is currently 45 years old, and his date of birth is in May, 1980.

15. Mr. James worked for DentaQuest as a Finance Manager.

16. Owing to his established medical disability, as stated, Mr. James's last day of work was on or about 9/16/2022.

17. The medical conditions forming the basis for Plaintiff's disability claim represent an unfortunate combination of physical, cognitive and mental ailments; those conditions include, without limitation: head pain; muscle pain, stiffness and tension; joint pain; severe, chronic fatigue; nerve issues; brain fog, other cognitive problems (memory, focus, concentration); sensory issues (hypersensitivity to sound, light); depersonalization/derealization; panic attacks; depression; and anxiety. According to his medical provider(s), some or all of these deficits (especially the neurological dysfunctions) are the result of extended use of/withdrawal from the prescription drug Klonopin, which he took for approximately 20 years. As far as pain, Mr. James suffers from horizontal pain for approximately 20 hours per day. The pain is not localized; rather, it manifests itself in his head, neck, torso and legs.

18. After he could no longer perform his work for DentaQuest, and based on his employment there, Mr. James was eligible for, applied for, and received STD benefits via the Policy and Defendant Lincoln; upon information and belief, full-term STD benefits were received, that being for a period of approximately three (3) months, starting in September, 2022.

19. After that, his medical condition not having improved, Mr. James was eligible and applied for LTD benefits under the Policy. In fact, Mr. James received LTD benefits covering the

period of time from 12/17/2022 to 7/28/2023; then (after a denial followed by a successful earlier appeal) from 7/29/2023 to 2/6/2025. However, by letter dated 2/11/2025, Lincoln again denied/terminated benefits.

20. Despite due appeal(s) by or on behalf of Plaintiff, Lincoln has continued to deny any further LTD benefits. The final denial letter was dated 10/7/2025.

21. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering LTD benefits under the Plan/Policy for the losses claimed herein.

23. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits for LTD are now due and overdue to be paid. That is, his claim was and has continued to be amply supported by his treating medical providers, who have confirmed his continuing inability to work.

24. Under any ERISA standard of review that may apply, the position taken by Lincoln in denying this claim, viewed against the entire record (Administrative Record) as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Lincoln were wrong, as well as arbitrary and capricious, under the circumstances presented.[1]

25. Further, Lincoln's denial of benefits here must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for, or given, a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

[1] Beyond this, Plaintiff respectfully reserves all points and arguments regarding the standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

26. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, he is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that he otherwise continues to meet all applicable terms and conditions of same.

27. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the cause(s) of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

28. Plaintiff realleges and reavers paragraphs 1 through 27 of the Complaint, incorporating them by reference herein as if specifically restated.

29. Based on the facts summarized above, Plaintiff makes claim under ERISA for the instatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits; and/or clarification/declaration/enforcement of rights and benefits; brought pursuant to 29 U.S.C. §§ 1001, *et seq*., in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that

Defendant or its designee pay to Plaintiff any and all LTD benefits to which he was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff all LTD benefits to which he is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and to policy notice/claim/application procedures, as required, as well ERISA law; and so long as he otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

C. That the Court award to Plaintiff his attorney's fees and costs of action pursuant to ERISA; *see*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs, and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and cause(s) of action alleged above; consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that his benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in any discovery conducted herein; and/or based on any relevant evidence from Plaintiff's companion claim for SSDI benefits; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

---

[3] *See, Curtis v. Hartford Life & Accident Ins. Co*., 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ *Samuel D. Payne*
K. Cody Allison, BPR No. 20623
Samuel D. Payne, BPR No. 19211
Richard A. House, BPR No 20135
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
richard@codyallison.com