**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **EVAN JAMES,**<br><br>**Plaintiff(s),**<br><br>**v.**<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**<br><br>**Defendant(s).** | **Case No. 3:25-cv-01375**<br><br>**District Judge William L. Campbell, Jr.**<br>**Magistrate Judge Luke A. Evans** |

**<u>JOINT PROPOSED INITIAL CASE MANAGEMENT ORDER</u>**

Pursuant to this Court's Local Rule 16.01, counsel for the parties have conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Evans and the presiding District Judge.

**A. JURISDICTION:**

The court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001 et seq.; and 28 U.S.C. § 1331. Plaintiff's claim for disability-insurance benefits is brought under an ERISA-governed disability plan.

**B. BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:**

After exhausting his administrative remedies, Mr. James sued Lincoln National Life Insurance Company ("**Lincoln**") under ERISA (29 U.S.C. § 1132(a)) due to its denial of certain long-term disability ("**LTD**") benefits provided by a group insurance policy issued by Lincoln to

Plan Sponsor DentaQuest, LLC.

Beginning in September 2022, Mr. James was, and remains today, disabled due to a combination of physical, cognitive and mental ailments; those conditions include, without limitation: head pain; muscle pain, stiffness and tension; joint pain; severe, chronic fatigue; nerve issues; brain fog, other cognitive problems (memory, focus, concentration); sensory issues (hypersensitivity to sound, light); depersonalization/derealization; panic attacks; depression; and anxiety. According to his medical provider(s), some or all of these deficits (esp. the neurological dysfunctions) are the result of extended use of/withdrawal from the prescription drug Klonopin, which he took for approximately 20 years. As far as pain, Mr. James suffers from horizontal pain for approximately 20 hours per day. The pain is not localized; rather, it manifests itself in his head, neck, torso and legs.

Mr. James seeks an award for all past and future LTD benefits to which he is entitled, along with attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

**DEFENDANT:**

Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the arbitrary and capricious standard, and the decision reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. To be eligible for benefits, Plaintiff must be "totally disabled," as defined by the policy. However, after a full and fair review, Defendant found that Plaintiff was not eligible for benefits under the Policy's definition of "totally disabled."

**C. ISSUES RESOLVED:**

(i) The parties agree that jurisdiction and venue are proper, and that Defendant was properly served.

(ii) The parties agree that the applicable standard of review in this case is an arbitrary and capricious standard of review. Nonetheless, Plaintiff submits that Defendant has a financial conflict of interest, since it is both the ultimate decision-maker (claims administrator or claims fiduciary) on benefits, but also the payer/funding source for any benefits. Thus, Plaintiff contends that a showing of this bias will be relevant to the Court's consideration and application of the standard of review.

**D. ISSUES STILL IN DISPUTE:**

(i) Whether Plaintiff is entitled to any additional LTD benefits under the provisions of the Lincoln policy at issue, and, if so, the duration and amount(s).

**E. INITIAL DISCLOSURES:**

The parties agree that this case is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1) pursuant to Fed. R. Civ. P. 26(a)(1)(B)(i) because it is "an action for review on an administrative record." Thus, the parties have agreed to waive such initial disclosure requirements.

Nonetheless, Defendant will serve Plaintiff with a bates-labeled proposed copy of the pertinent Administrative Record, with the applicable Plan/Policy documents included (hereinafter the "**AR**"), by **May 8, 2026**. In turn, Plaintiff shall notify Defendant of any objection(s) to the sufficiency or accuracy of the AR in writing by **June 5, 2026**. If not resolved then by mutual agreement, Plaintiff must file any objection(s); along with appropriate motion(s) (if applicable) under Local Rule 7.01; by **July 3, 2026**,

### F. FILING OF ADMINISTRATIVE RECORD UNDER SEAL:

Defendant has agreed to file *under seal* with the Court a bates-labeled copy of the AR pursuant to Local Rule 5.03 without necessity of a separate motion by referencing this provision permitting same; the Court having found that filing the AR under seal is warranted and narrowly-tailored to protect Plaintiff's private health and personal identification information. Further, Defendant will simultaneously provide a copy to Plaintiff's counsel of the AR that is filed under seal with the Court.

Defendant shall file the AR under seal with the Court by **August 4, 2026.** If, however, on this date, objection(s) to the AR are pending, the AR shall be filed within fourteen (14) days of entry of an order resolving the objection(s).

### G. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:

The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05. If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements. Approximately fourteen (14) days after the conclusion of fact discovery, or by **October 30, 2026**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case.

The parties may request referral to a member of the Court's ADR Panel for *pro bono* mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case. If a judicial settlement conference is requested by either joint report or separately, the parties shall state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

Further, the parties can report that private settlement negotiations have already begun; Plaintiff's counsel made an initial written settlement demand in mid-February, 2026 and anticipate a response from Defendant in the near future.

**H. DISCOVERY:**

Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited to a review of the information available to the decision-maker (claims administrator or claims fiduciary) at the time the final benefit determination was made. Plaintiff contends that limited discovery may be permitted after an initial showing of the existence of potential conflict of interest/bias or violation of due process on the part of the decision-maker. Moreover, there is the possibility that the parties will disagree as to what constitutes the AR. Defendant reserves its right to object to any discovery propounded by Plaintiff, and to object to any proffer of evidence outside the AR.

In all events, the parties shall complete any written discovery and depose any fact witnesses on or before **October 16, 2026** Any written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than **July 15, 2026**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery dispute may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. Each party's position statement shall be limited to no more than three (3) pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of

the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than **August 28, 2026.**

**I. MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than **June 5, 2026.**

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

**J. DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

The parties agree that no additional experts (primary or rebuttal) will be utilized in this case; *i.e.*, no experts will be relied upon other than the medical and/or vocational experts already disclosed in the AR. Thus, the parties do not anticipate the need for any expert disclosures under Fed. R. Civ. P. 26(a)(2), nor any expert depositions in this case.

**K. NEXT CASE MANAGEMENT CONFERENCE:**

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

**L. DISPOSITIVE MOTIONS:**

As stated, Plaintiff has filed an action challenging the denial of disability-insurance benefits under an insurance policy issued by Defendant. Under established ERISA case precedent, a jury

trial is not permitted in this action. Further, trials are uncommon in ERISA benefit claims. Rather, the Court generally reviews only the evidence before the claims decision-maker at the time of the final decision to deny benefits. Thus, the parties agree that this case will likely be decided on dispositive motions (cross motions) filed by the parties. Nonetheless, although Plaintiff agrees that a trial will probably not be necessary, he believes that there may be disputed factual issues that could necessitate a bench trial on those issues if this case is not resolved by dispositive motions.

As provided above (*see* **Section G.**), the parties must attempt to resolve the case prior to the filing of dispositive motions. With that said, the parties agree that the most appropriate vehicle for deciding an ERISA benefits case is by Rule 52 Motion for Judgment on the Administrative Record. Accordingly, the parties shall file their cross motions for Judgment on the Administrative Record on **January 15, 2027**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion; *i.e.*, no later than **February 12, 2027**. Briefs or memoranda of law in support of or in opposition to dispositive motions shall not exceed 30 pages. Optional replies may be filed within **fourteen (14) days** after the filing of the applicable response and shall not exceed 7 pages.

No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**M. ELECTRONIC DISCOVERY:**

The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a

stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

**N. MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**O. REQUESTS TO SEAL DOCUMENTS:**

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy,

providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

*Notwithstanding the foregoing paragraph, with respect to filing the AR for this case under seal with Court, the provisions of **Section F.** above will control.

**P. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

As stated, the parties agree that this case will likely be decided on dispositive motions (cross motions), and that no trial will be required. Thus, the parties agree that there is no need to establish dates for trial. Nonetheless, to the extent that either party requests an evidentiary hearing on any disputed factual issues, he/it may make such request in an appropriate motion under Local Rule 7.01.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge

APPROVED FOR ENTRY:

**CODY ALLISON & ASSOCIATES, PLLC**

*/s/ Samuel D. Payne*
K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 19211
Richard A. House, BPR No. 20135
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
richard@codyallison.com

*Attorneys for Plaintiff*

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers, w/ permission (*sdp)*
Iwana Rademaekers, Esq. (TX Bar #16452560)
(*admitted *pro hac vice*)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

*One of the Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2026, the foregoing was filed using the Court's CM/ECF system, which will automatically give notice via electronic means to all attorneys of record:

Iwana Rademaekers, Esq.
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
iwana@rademaekerslaw.com

Andrew W. Coffman, Esq.
PHELPS DUNBAR LLP
105 East Main Street, Suite 201
Tupelo, Mississippi 38804
andrew.coffman@phelps.com

*Attorneys for Defendant*

/s/ *Samuel D. Payne*
Samuel D. Payne, Esq.